UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Dkt. No.
LESLIE NIEVES,

        Plaintiff,

   -against-　　　　　　　　　　　　　　　　　　　　**COMPLAINT AND**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**JURY DEMAND**

ANGELO, GORDON & CO.,

        Defendant.
------------------------------------------------------------------------X

    Plaintiff, LESLIE NIEVES, by her attorneys, Gabor & Gabor, as and for her Complaint and Jury Demand, respectfully alleges as follows:

    1.    At all times relevant hereto, Plaintiff LESLIE NIEVES was and is a resident of the State of New York, County of New York.

    2.    At all times relevant hereto, Defendant was and is a corporation organized and existing under and by virtue of the laws of the State of New York, with its executive offices located at 245 Park Avenue, 26th Floor, New York, New York 10167.

**JURISDICTION AND VENUE**

    3.    This is a civil rights action brought in order to redress multiple deprivations by the Defendant of Plaintiff's rights secured by the Age Discrimination in Employment Act (ADEA). Jurisdiction is conferred on the Court by 28 U.S.C. 1331 and 28 U.S.C. 1343. This Court has pendent and supplemental jurisdiction pursuant to 28 U.S.C. 1367 based upon plaintiff's State and City Law claims.

    4.    Venue is based on 28 U.S.C. §1391.

**STANDING**

5. The defendant employs more than 15 persons at all times.

6. On or about January 19, 2005, plaintiff filed a charge of discrimination with the New York State Division of Human Rights, (hereinafter, "NYSDHR"), alleging certain violations of the ADEA.

7. The plaintiff received a "Right to Sue" letter from the NYSDHR dated May 26, 2005, which she received on or after June 9, 2005. This action has therefore been commenced in a timely manner.

8. A copy of this federal court complaint has been served upon The New York City Commission on Human Rights and upon Corporation Counsel.

**FACTS**

9. The plaintiff was born on May 23, 1956, and therefore is currently forty-nine (49) years of age.

10. In October 2000, the plaintiff began working intermittently as a Temporary Employee for the defendant.

11. In May 2002, the plaintiff became a permanent employee of the defendant.

12. The plaintiff worked as an Administrative Assistant.

13. At all relevant times, the plaintiff's work performance and attendance were exemplary.

14. Shortly after the plaintiff began working as a permanent Administrative Assistant, she became aware that all of the other Administrative Assistants and the Receptionist were being

paid $10,000.00 to $20,000.00 per year more than the plaintiff.

15. The plaintiff complained to Cynthia Luzon in late August 2004 that she was being underpaid due to her age. The plaintiff made it clear that she felt that this was done in a discriminatory manner due to age.

16. All of the employees who were being paid more than the plaintiff were younger than the plaintiff.

17. On or about November 9, 2004, the plaintiff was instructed by Cynthia Luzon, Office Manager, to clean the supply closet. This task was normally reserved for the receptionist.

18. When the plaintiff stated that she would not be able to perform the requested task because of her already assigned workload, she was verbally attacked and humiliated by Ms. Luzon.

19. On or about November 12, 2004, the plaintiff met with Fred Berger, Chief Administrative Officer, and Ms. Luzon.

20. During that meeting, the plaintiff was advised that the defendant had concerns about her work performance and her attitude.

21. The plaintiff had never been counseled about any concerns with her employment prior to this meeting.

22. The plaintiff's employment was terminated on November 12, 2004.

23. The severance package that was offered to the plaintiff was substantially less than that which was offered to younger employees.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

24.     Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "23" with the same force and effect as if set forth more fully herein.

25.     The defendant has discriminated against the plaintiff on the basis of her age.

26.     The plaintiff was demeaned and ridiculed and her employment was ultimately terminated.

27.     The defendant's conduct was motivated by the plaintiff's age.

28.     The defendant has discriminated against the plaintiff with respect to her employment terms, working conditions and privileges of employment in violation of the ADEA.

29.     But for the plaintiff's age, she would not have been terminated.

30.     As a result of the defendant's conduct, the plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION
## NEW YORK STATE EXECUTIVE LAW § 296 et seq. - AGE

31.     Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "30" with the same force and effect as if set forth more fully herein.

32.     Defendant has intentionally and/or willfully discriminated against the plaintiff by subjecting her to a hostile work environment and terminating her employment.

33.     Defendant has discriminated against the plaintiff with respect to her employment.

34.     Said discrimination is unlawful pursuant to New York Executive Law § 296 in that defendant's conduct was motivated by the plaintiff's age.

35. The defendant knew or had reason to believe that the plaintiff would suffer extreme emotional distress, anxiety and humiliation as a result of the defendant's conduct.

36. The plaintiff has suffered severe emotional distress, anxiety and humiliation as a result of the conduct of the defendant.

37. As a result of the defendant's conduct, the plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION
### NEW YORK CITY ADMINISTRATIVE CODE §8-107 - AGE

38. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "37" with the same force and effect as if set forth more fully herein.

39. The defendant has discriminated against the plaintiff on the basis of her age.

40. The defendant's conduct was motivated by the plaintiff's age.

41. The defendant has discriminated against the plaintiff with respect to subjecting her to a hostile work environment and terminating her employment in violation of the New York City Administrative Code Section 8-107.

42. But for the plaintiff's age, she would not have been terminated by the defendant.

43. As a result of the defendant's conduct, the plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA) - RETALIATION

44. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "43" with the same force and effect as if set forth more fully herein.

45. The defendant has discriminated against the plaintiff in retaliation for her complaint of age discrimination.

46. The plaintiff's employment was terminated due to her complaint of age discrimination.

47. The defendant's conduct was motivated by the plaintiff's age.

48. But for the plaintiff's complaint of age discrimination, she would not have been terminated from her employment.

49. As a result of the defendant's conduct, the plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION
## NEW YORK STATE EXECUTIVE LAW § 296 et seq. - AGE - RETALIATION

50. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "49" with the same force and effect as if set forth more fully herein.

51. The defendant has discriminated against the plaintiff in retaliation for her complaint of age discrimination.

52. The plaintiff's employment was terminated due to her complaint of age discrimination.

53. The defendant's conduct was motivated by the plaintiff's age.

54. But for the plaintiff's complaint of age discrimination, she would not have been terminated from her employment.

55. As a result of the defendant's conduct, the plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A SIXTH CAUSE OF ACTION
### NEW YORK CITY ADMINISTRATIVE CODE §8-107 - AGE - RETALIATION

56. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "55" with the same force and effect as if set forth more fully herein.

54. The defendant has discriminated against the plaintiff in retaliation for her complaint of age discrimination.

55. The plaintiff's employment was terminated due to her complaint of age discrimination.

56. The defendant's conduct was motivated by the plaintiff's age.

57. But for the plaintiff's complaint of age discrimination, she would not have been terminated from her employment.

58. As a result of the defendant's conduct, the plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

### JURY DEMAND

59. Plaintiff demands a jury trial of this action.

**WHEREFORE**, plaintiff demands judgment as follows:

a) Declaring that the actions, patterns and practices of the defendant, its agents, servants and all those acting in concert with them, constituted, and does constitute, a violation of the Age Discrimination in Employment Act; the New York State Constitution; the New York State Executive Law Section 290 et seq., The New York City Administrative Code Section 8-107, and all applicable rules and regulations, and common law principals.

b) Permanently enjoining the defendant, its agents, servants and all those acting in concert with them, from violating the Age Discrimination in Employment Act; the New York State Constitution; the New York State Executive Law Section 290 et seq.;  The New York City Administrative Code Section 8-107 and all applicable rules and regulations, and common law principals.

c) Awarding damages for economic and emotional injuries as well as interest, costs, disbursements, common law, statutory, compensatory, exemplary and punitive damages, pre-judgment interest, pecuniary and non-pecuniary damages and such other and further relief as to this Court deems just and proper; and

d) Awarding counsel fees, costs and disbursements of this action.

Together with such other and further equitable relief which as to this Court may seem just and  proper.

Dated: Garden City, New York
September 1, 2005

Yours etc.,

_____
DAVID G. GABOR (DGG9979)
GABOR & GABOR
Attorneys for Plaintiff
400 Garden City Plaza
Suite 406
Garden City, New York 11530
(516) 248-2525