JONATHAN L. SULDS (JS-4674)
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, New York 10022
(212) 872-1039 (Telephone)
(212) 872-1002 (Facsimile)

Attorneys for Defendant Angelo, Gordon & Co.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LESLIE NIEVES,

          Plaintiff,

      - against -

ANGELO, GORDON & CO.,

          Defendant.
------------------------------------------------------------X

No. 05-CV-07782 (NRB)(DFE)

**DEFENDANT'S STATEMENT OF UNDISPUTED FACTS**

Pursuant to Local Civil Rule 56.1, Angelo, Gordon & Co., L.P. ("Angelo, Gordon" or the "Company") submits this statement of material facts as to which it contends there is no genuine issue to be tried:

1.     In or around October 2000, temporary staffing agency Sloan Staffing began placing Plaintiff in a variety of assignments at Angelo, Gordon. Between October 2000 and October 2002, Plaintiff performed temporary work at Angelo, Gordon. *See* Exhibit ("Exh.")[1] 2 (resume); Exh. 3 (Nieves Tr.) at 43:14-44:10; 49:10-20; 316:5-14; Exh. 15 (Luzon Tr.) at 21:25-22:7.

---

[1] All references to "Exh." are to the exhibits attached to the Affidavit of Jonathan L. Sulds, sworn to on January 19, 2007. Exhibit 3 to that affidavit are excerpts from Plaintiff's deposition testimony.

2. On October 7, 2002, Angelo, Gordon hired Plaintiff to work part of the time for the Company's Utilities Group, which was then headed by Robin Jaffe, and part of the time helping all areas of the firm. *See* Exh. 3 (Nieves Tr.) at 79:15-82:6; 111:10-114:14; 115:10-14; 191:3-193:15; 303:16-24; 317:18-318:18.

3. Plaintiff's duties in that regard included, among other things, covering for the receptionist, filing, and working with other groups, including Trade Support and Tax. *See* Exh. 3 (Nieves Tr.) at 79:15-82:6; 113:16-114:14; 115:10-14; 203:15-204:9; 205:21-206:8; 207:6-9; 210:10-24; 213:20-214:16; 263:13-264:2; 303:16-24; 317:18-318:18.

4. For the time period between 1999 and 2004, Cynthia Luzon worked for Angelo, Gordon as personal assistant to John Angelo and Office Manager. This role includes responsibility over Administrative Assistants. Exh. 15 (Luzon Tr.) at 7:20-8:5; 9:25-10:15.

5. Cynthia Luzon was Plaintiff's direct supervisor. *See* Exh. 25 (Berger Tr.) at 56:8-13.

6. Plaintiff was born on May 23, 1956. Exh. 1 (Second Amended Complaint and Jury Demand ("Complaint")) at ¶ 11.

7. Cynthia Luzon was born on February 26, 1948. (Sulds Aff.) at ¶ 27.

8. Fred Berger was born on March 6, 1942. (Sulds Aff.) at ¶ 28.

9. When Angelo, Gordon hired Plaintiff, Cynthia Luzon specified to Plaintiff that she would be working half of the time for Angelo, Gordon and half the time with Robin Jaffe. Exh. 3 (Nieves Tr.) at 111:13-16; 113:12-15; Exh. 4 (email dated Jan. 30, 2004).

10. Prior to May 2004, Plaintiff was assigned filing for Administrative Assistants, Kerry Lougher and Siobhan Doheny-Good. *See* Exh. 4 (email dated Jan. 30, 2004); Exh. 5 (email dated Mar. 4, 2004).

11. Cynthia Luzon reminded Plaintiff of her duties and responsibilities on several occasions. In January 2004, Ms. Luzon directed Plaintiff to spend half of her time working for Robin Jaffe in the Utilities Group, and half of her time helping all areas of the firm, including filing for two Administrative Assistants, Kerry Lougher and Siobhan Doheny-Good. Cynthia Luzon's email read:

> ... You report to[ ]me – you "belong" to Robin for half the time and to Angelo Gordon the other half. And in that other half you report to[ ]me. ... Kerry/Sioban's [sic] filing is as important as Trade Support. ... She will file when she can, but in the interim I thought you could do it. ...

Exh. 4 (email dated Jan. 30, 2004).

12. In a March 4, 2004 email, Cynthia Luzon again reminded Plaintiff of her job responsibilities, stating:

> Leslie, I was the one who told Kerry to ask you about the filing. You have to remember that you work ½ time for Angelo, Gordon. ***I want you to make time to file for Kerry/Siobhan. It is part of your responsibility.*** It is as important as filing for Gary Repace and Trade Support. ...

Exh. 5 (email dated Mar. 4, 2004)(emphasis added).

13. Throughout the entirety of Plaintiff's employment with Angelo, Gordon, Cynthia Luzon was adamant about Plaintiff doing filing for Administrative Assistants, including Kerry Lougher and Siobhan Doheny-Good. *See* Exh. 3 (Nieves Tr.) at 146:24-25; 197:8-20.

14. Despite being directed repeatedly by Cynthia Luzon to file for Kerry Lougher and Siobhan Doheny-Good, Plaintiff admits that she did not file for either:

> Q. And did you ever do filing for Kerry an Siobhan at any point in your employment for Angelo [sic] Gordon?
> A. I don't recall so. I don't recall so. I don't know if I might have filed a couple of files for them just to, you know, agree with Cindy so the situation could subside, but no, I didn't do their filing on a regular basis, no, I didn't...

3

Exh. 3 (Nieves Tr.) at 197:21-198:5.

15.     On at least one occasion, Plaintiff explicitly refused to file for Kerry Lougher and Siobhan Doheny-Good, as instructed by Office Manager Cynthia Luzon. Plaintiff testified,

> "[Cynthia Luzon] is telling me that it's part of my responsibility [to file for Kerry and Siobhan], and my response is, unfortunately, I don't have the time . . ."

Exh. 3 (Nieves Tr.) at 196:23-197:4.

16.     Throughout the entirety of her employment at Angelo, Gordon, and prior to Plaintiff complaining about her pay to Cynthia Luzon, Plaintiff was repeatedly requested to perform tasks that were not normally assigned to her, including filing for other Administrative Assistants. *See* Exh. 3 (Nieves Tr.) at 193:8-194:6; 194:25-197:20; 205:2-207:11; Exh. 9 (email dated Jul. 7, 2003); Exh. 10 (email dated Jul. 9, 2003); Exh. 7 (email dated Feb. 26, 2004); Exh. 8 (email dated Apr. 8, 2004).

17.     As an employee of Angelo, Gordon, in addition to working in the Utilities Group, Plaintiff covered reception, worked for Trade Support, performed other tasks and worked for other groups at Angelo, Gordon "when needed." *See* Exh. 3 (Nieves Tr.) at 300:3-20; 303:16-24; Exh. 14 (LN 100-105) (EEOC Charge) at 2.

18.     When Angelo, Gordon's receptionist was absent due to an injury in July 2003, Cynthia Luzon asked Plaintiff, along with two other Angelo, Gordon employees, to cover for the receptionist. Exh. 9 (email dated Jul. 7, 2003); Exh. 10 (email dated Jul. 9, 2003).

19.     Plaintiff agreed to cover the front Receptionist Desk on February 26, 2004, on Good Friday in 2004, and in April 2004. Exh. 3 (Nieves Tr.) at 210:19-24; 211:21-212:24; Exh. 6 (email dated Feb. 18, 2004); Exh. 7 (email dated Feb. 26, 2004); Exh. 8 (email dated Apr. 8, 2004).

4

20. Prior to Plaintiff making any complaint to Cynthia Luzon, Plaintiff was requested to, and did, cover the Reception Desk. Exh. 3 (Nieves Tr.) 205:2-207:11; Exh. 9 (email dated Jul. 7, 2003); Exh. 10 (email dated Jul. 9, 2003); Exh. 7 (email dated Feb. 26, 2004); Exh. 8 (email dated Apr. 8, 2004).

21. Plaintiff ran errands for Robin Jafee and others. *See* Exh. 3 (Nieves Tr.) at 300:18-12. Plaintiff frequently offered to run errands for Robin Jaffe, Cynthia Luzon, and/or John Angelo. *See* Exh. 19 (emails dated Sep. 9, 2004); Exh. 20 (emails dated Sep. 13, 2004); Exh. 23 (emails dated Oct. 28, 2004).

22. Plaintiff contends that she complained to Cynthia Luzon that she was making less than administrative assistants at Angelo, Gordon in May 2004. Exh. 1 (Complaint) at ¶¶ 18-19.

23. At some point before Plaintiff complained to Cynthia Luzon, Plaintiff looked at confidential Angelo, Gordon documents which listed, among other things, employees' salaries and ages. *See* Exh. 3 (Nieves Tr.) at 149:25-150:21; 151:16-23; 156:15-24; Exh. 15 (Luzon Tr. 60:6-12).

24. Plaintiff did not need to look at the salary or ages listed on these confidential Angelo, Gordon documents to file them appropriately. Exh. 3 (Nieves Tr.) at 156:25-157:5.

25. Elizabeth Garcia, a Trade Support Department employee was primarily responsible for filing and archiving employee account statements. (Repace Aff.) at ¶ 5.

26. Among Plaintiff's responsibilities was assisting Elizabeth Garcia with filing and archiving for the Trade Support Department. (Repace Aff.) at ¶ 5. Trade Support maintains employee records. (Repace Aff.) at ¶ 4.

27. It was learned in the summer of 2004 that Trade Support filing and archiving had not been done. (Repace Aff.) at ¶ 6. Accordingly it became necessary first to archive the

contents of file cabinets and send them to storage off-site and then to file currently, on-site. *See* (Repace Aff.) at ¶¶ 4, 7.

28. On July 26, Angelo, Gordon discharged Elizabeth Garcia from its employ. (Repace Aff.) at ¶ 6.

29. In August of 2004, Plaintiff, at the direction of Angelo, Gordon, archived employee files for Trade Support, sending them to an off-site storage company. (Repace Aff.) at ¶ 7; *see* Exh. 3 (Nieves Tr.) at 163:13-166:13; 170:22-171:13; Exh. 1 (Complaint) at ¶ 27.

30. On July 29, 2004, Angelo, Gordon engaged temporary employee Wendy Gaunt to help with the archiving and filing project. (Repace Aff.) at ¶ 8.

31. Plaintiff was never given a deadline for completing the filing and archiving project. *See* Exh. 3 (Nieves Tr.) at 170:8-171:6; 171:14-171:18; 172:8-13; (Repace Aff.) at ¶ 7.

32. On November 9, 2004 Cynthia Luzon asked Plaintiff to clean and inventory a supply closet near the kitchen at Angelo, Gordon. Cynthia Luzon emailed Plaintiff saying:

> I'd like you to be in charge of the closet by the kitchen--Ana has made a list of the items that are in there and two times a week would be good for you to check to make sure that everything is in there that has to be in there and that it is neat. I have the list at my desk. When you see that we're low, then you can just tell Ana and she can re-order. It's too hard for her to get up from the Reception Desk to check—you're there and twice a week shouldn't take more than 10 minutes of your time.

Exh. 24 (email dated Nov. 9, 2004); *see* Exh. 3 (Nieves Tr.) at 185:14-24.

33. Plaintiff refused to inventory the supply closet near the kitchen when Ms. Luzon told her to do so:

> Q. ... Did you clean and inventory the supply closet when Cindy Luzon asked you to?
> A. I didn't.
> Q. You did not?

> A. I told her I didn't have the time to do it and as a result of that, that was one of the reasons for me being terminated, that same few days after that.

Exh. 3 (Nieves Tr.) at 188:15-22; *see also* (Nieves Tr.) at 147:3-7 ("And what got me terminated, Cindy Luzon asked me to do the supply closet, which was the receptionist's responsibility. She wanted me to take care of the supply closet next to the pantry.").

34. On more than one occasion, Plaintiff did not follow explicit instructions given to her by Office Manager Cynthia Luzon regarding filing and cleaning. *See* Exh. 3 (Nieves Tr.) at 147:3-7; 188:15-22; 196:23-197:4; 197:21-198:5.

35. Plaintiff was terminated on November 12, 2004 because of her insubordination. Exh. 1 (Complaint) at ¶¶ 31, 32, 34; *see also* Exh. 3 (Nieves Tr.) at 147:3-7.

36. Plaintiff was offered two months' severance which is standard policy for employees with her period of service. Exh. 25 (Berger Tr.) at 50:25-51:10; 52:7-18; Exh. 16 (termination letter/severance offer).

37. Plaintiff is aware of and has read Angelo, Gordon's severance policy. Exh. 3 (Nieves Tr.) at 266:19-22.

38. Angelo, Gordon followed its severance policy in dealing with Plaintiff. Exh. 3 (Nieves Tr.) at 266:19-23.

39. Plaintiff declined Angelo Gordon's severance offer. *See* Exh. 3 (Nieves Tr.) at 264:14-15; 333:4; Exh. 16 (termination letter/severance offer).

**[signature page follows]**

Dated: New York, New York
January 19, 2007

                          AKIN GUMP STRAUSS HAUER & FELD, LLP

By: _____
                          JONATHAN L. SULDS (JS-4674)
                          Akin Gump Strauss Hauer & Feld LLP
                          590 Madison Avenue
                          New York, New York 10022
                          (212) 872-1039 (Telephone)
                          (212) 872-1002 (Facsimile)

                          Attorneys for Defendant Angelo, Gordon & Co.